Seymour **LAZAR** On Behalf of Himself and All Others Similarly Situated, Plaintiff,

v.

James D. **SADLIER**, et al., Defendants.

Dr. Harold **GELB**, as Trustee of the Harold Gelb, DMB, PC, Pension Plan, and All Others Similarly Situated, Plaintiff,

v.

James D. **SADLIER**, et al., Defendants.

Nos. CV 84–8100 WJR(Px), CV 84–8781 WJR(Px).

United States District Court, C.D. California.

Sept. 23, 1985.

William S. Lerach, Milberg, Weiss, Bershad, Specthrie & Lerach, San Diego, Cal., Ernest T. Kaufman, Los Angeles, Cal., for plaintiff.

Briane Nelson Mitchell, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for defendant Ernst & Whinney.

Philip Gustlin, Gustlin, Golob & Bragin, Los Angeles, Cal., for defendant James D. Sadlier.

Loyd P. Derby, Morgan, Lewis & Bockius, Los Angeles, Cal., for defendant Henry Scheinberg.

Eugene W. Bell, Jones, Bell, Simpson & Abbott, Los Angeles, Cal., Henry Minnerop, Brown, Wood, Ivey, Mitchell & Petty, New York City, for defendants A.G. Becker Paribas Inc. and Merrill Lynch & Co.

Paul D. Cass, Nossaman, Guthner, Knox & Elliott, Los Angeles, Cal., for defendant Arrays, Inc.

Peter B. Gelblum, Mitchell, Silberberg & Knupp, Los Angeles, Cal., for defendants Stephen A. Koffler and Louis Kwiker.

Neil S. Steiner, Kagel & Steiner, Beverly Hills, Cal., for defendant Henry H. Waldman.

REA, District Judge.

The Matter of Defendants' Motions to Dismiss the Second Consolidated Amended Complaint having come on regularly for hearing before this Court, the Court having considered the papers filed in support and in opposition thereto, and the Court having considered the relevant legal authorities,

IT IS HEREBY ORDERED that the Motion is GRANTED IN PART and DENIED IN PART as follows:

DENIED as to Count I against all defendants;

DENIED as to Count II against all defendants;

DENIED as to Count III against all defendants.

Secondary liability allegations as to Count II are ORDERED STRICKEN;

Post-issuance misrepresentations and omissions are ORDERED STRICKEN as to Counts I and II.

The Matters of the parties' Cross Motions for Sanctions having come on for hearing before this Court,

IT IS HEREBY ORDERED that the Cross Motions are DENIED. While the Court recognizes that one of the former attorneys for defendants was forced to appear to defend against plaintiffs' Motion for Sanctions for the bringing of the original motion, it cannot be said that the motion for sanctions was brought in bad faith, as required by Federal Rule of Civil Procedure 11 in order to impose sanctions. Similarly, Defendants' bringing of the original motions was not brought in bad faith, as the graveman of the motions was to challenge the sufficiency of the pleading rather than the factual basis for it. Therefore, regardless of defendants' knowledge of the facts alleged in plaintiffs' complaint, they were not precluded from challenging the contents of the complaint pursuant to the Federal Rules.

The Order Re Motions to Dismiss is based upon the following considerations.

Plaintiffs' Complaint alleges causes of action under the federal securities statutes. Count I of the Complaint is brought under section 11 of the Securities Act of 1933, 15 U.S.C. 77k. Count II alleges violations of Section 12(2) of the Securities Act of 1933, 15 U.S.C. 77*l*(2). Count III alleges violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. 240.10b–5.

I. Count I of the Complaint

Count I alleges violations of Section 11 of the Securities Act of 1933. That Section 11 provides:

(a) In case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may, either at law or in equity, in any court of competent jurisdiction, sue—

(1) every person who signed the registration statement;

(2) every person who was a director of (or person performing similar functions) or partner in the issuer at the time of the filing of the part of registration statement with respect to which his liability is asserted;

(3) every person who, with his consent, is named in the registration statement as being or about to become a director, person performing similar functions, or partner;

(4) every accountant, engineer or appraiser, or any person whose profession gives authority to a statement made by him, who has with his consent been named as having prepared or certified any part of the registration statement, or as having prepared or certified any report or valuation which is used in connection with the registration statement, with respect to the statement in such registration statement, report, or valuation, which purports to have been prepared by him;

(5) every underwriter with respect to such security.

.    .    .    .    .

(b) Notwithstanding the provisions of subsection (a) of this section no person, other than the issuer, shall be liable as provided therein who shall sustain the burden of proof [of a number of defenses].

15 U.S.C. 77k. Defendants challenge the allegations in the complaint under this Section, on the grounds that plaintiffs have failed to adequately allege that the registration statement contained misrepresentations or omissions that were material. To allege a cause of action under Section 11, plaintiff must allege facts that establish 1) that misrepresentations were made, 2) which were material, 3) by a defendant enumerated in Section 11.

■ The Court finds that the allegations. in the complaint adequately allege facts which, if proved, would establish misrepresentations or omissions within the meaning of the statute. The allegations in paragraph 31–32 state what representations were made in the Registration Statement and the Prospectus "included in the Registration Statement". The complaint does not allege any misrepresentations with respect to the Registration Statement itself, other than the conclusory statements in the introductory part of paragraph 39. However, the allegations in the lettered subparts of paragraph 39 reveal the falsity of the Prospectus, which is alleged to be part of the Registration Statement. Paragraph 40 alleges other actions of the defendants which furthered the illusion created by the Registration Statement. These paragraphs establish misrepresentations or omissions in the Registration Statement as required by Section 11. It cannot be said that these allegations fail to state a claim. Whether they are true or not is a matter for proof.

As to materiality, the complaint taken as a whole establishes facts that support a finding that the facts pled would be important to a reasonable investor, as the Ninth Circuit requires. *Goldman v. Belden*, 754 F.2d 1059 (9th Cir.1985). In paragraph 29, the purpose and effect of the defendants' course of conduct, as detailed in the complaint, is set forth. Other effects of the alleged fraud in the public offering are detailed in paragraph 41 and 48.

The Court also finds that the complaint adequately states a claim against each of the defendants under Section 11. The five individual defendants are alleged to have signed the statement in paragraph 31, and thus are liable under subpart (1) of subsection (a), 15 U.S.C. 77k(a)(1). Section 11 provides liability for the underwriter, Becker/Paribas-Merrill Lynch. 15 U.S.C. 77k(a)(5). Ernst & Whinney's liability is set forth in paragraph 17(2), at page 17 line 7, and paragraph 44, at page 37 lines 10–13, and satisfies, at least by implication, the requirements of subpart (4) of Section 11 that the accountant can be held liable if it consented to being named as having certified any report used in connection with the Registration Statement complained of, 15 U.S.C. 77k(a)(4). Under notice pleading requirements, this is sufficient. Arrays Inc. is strictly liable under Section 11, subsection (b), 15 U.S.C. 77k(b). Therefore, Count I is not dismissed.

## II. Count II of the Complaint

■ Count II alleges violations of Section 12 of the Securities Act of 1933, 15 U.S.C. Sec. 77*l*(2). Defendants, except Becker/Paribas-Merrill Lynch, challenge the adequacy of the complaint under this section on the basis that the defendants were not in privity with plaintiffs, nor were they substantial participants in the sales of securities to plaintiffs. This section provides in part as follows:

> Any person who—
>
> (2) offers or sells a security ... by the use of any means or instruments of ... communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), ... shall be liable to the person purchasing such security from him....

15 U.S.C. 77*l*(2). The parties disagree about whether strict privity or substantial participation should be the test for stating a claim under this section. This Court has already noted that the rule for seller liability is one of "substantial participation" or

"direct causal link." Order Granting Motions to Dismiss, at 3. Under this test, courts have looked to the purpose of the section, which is to ensure that potential purchasers are given correct, material information before purchasing securities. *Croy v. Campbell*, 624 F.2d 709 (5th Cir. 1980). This being the case, the issue becomes a fact question. If the allegations in the complaint can be seen as alleging a role for the defendant causally necessary and substantial in bringing about the transaction, then seller liability is present. *Admiralty Fund v. Jones*, 677 F.2d 1289, 1294 (9th Cir.1982). Such is the case here. As to each defendant, plaintiffs allege in paragraph 39 a role that, if proved, substantially caused the plaintiffs to purchase Arrays stock.

### III. Secondary Liability

█ The allegations of secondary liability as to 12(2) violations are ordered stricken. No compelling case in the Ninth Circuit has been found which has extended secondary liability to Section 12(2). In fact, the cases support the contrary result. Judge Lucas in *In Re Equity Funding Corp. of America Securities Litigation*, 416 F.Supp. 161, 181 (C.D.Cal.1976) held that to impose secondary liability under Section 12(2) would circumvent the obvious intent of Congress to narrowly define both the prohibited conduct and the relief available against "precisely defined parties" under Section 12(2). *Id. Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636, 642 (C.D.Cal.1983); *Wright v. Schock*, 571 F.Supp. 642, 658 (N.D.Cal.1983).

### IV. Post-Issuance Allegations

█ Defendants contend that the allegations in the complaint which assert misrepresentations occurring after the public offering on January 12, 1984, should be stricken because the named plaintiffs purchased on January 12. Defendants assert that plaintiffs could not have been harmed by the post-issuance statements. This Court agrees to some extent. Plaintiffs have alleged three causes of action, two of which are based on a fraud in the public offering of Arrays stock. As to these causes of action, Counts I and II, the misrepresentations or omissions occurring after the issuance are immaterial, and should be stricken. But as to Count III, alleging a conceptually separate fraud under Section 10(b), the allegations set up a continuing conspiracy to manipulate the market in Arrays stock, which continued from the time plaintiffs purchased their stock until months later. The Court declines to strike these allegations as they relate to the 10(b) cause of action.

### V. Count III of the Complaint

Count III alleges a cause of action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b) and Rule 10b–5 promulgated under it, 17 C.F.R. 240.-10b–5. Defendants contend that the complaint fails to plead this claim with sufficient particularity to comport with the fraud pleading requirements of Federal Rule of Civil Procedure 9(b).

█ Section 10(b) provides as follows: It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

.   .   .   .   .

(b) To use or employ, in connection with the purchase or sale of any security ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe....

15 U.S.C. Sec. 78j(b). This section prohibits 1) misrepresentations 2) made by mail or a facility of a national stock exchange, 3) with intent to defraud, 4) in connection with the purchase or sale of securities, 5) which was relied upon by plaintiff (6) to his detriment. Because the section is generally considered to be an anti-fraud provision, courts have routinely required that pleading a 10(b) violation comport with the fraud pleading requirements of Federal Rule of Civil Procedure 9(b).

The Ninth Circuit has held that particularity in pleading fraud is necessary so that defendants may be able to adequately an-

swer a complaint, thereby putting in issue those matters which are disputed. *Walling v. Beverly Enterprises,* 476 F.2d 393 (9th Cir.1973). The time, place and manner of the fraud must be alleged. Courts have also required that where there are multiple defendants, as in a securities fraud case, each defendant must be clearly associated with the actions he is alleged to have taken. Lastly, courts have also required that where pleading is on information and belief, the source of the information and the facts supporting the belief must be pled.

This Court dismissed the First Amended Consolidated Complaint in this action because the complaint as framed did not meet these general requirements. The amended complaint passes muster under each of these standards. The source of the information upon which is based the pleading on information and belief is the attorney's investigation, and the facts that support the belief are identified "in part" in paragraphs 31–37.

■ The parameters of the alleged fraud and each defendant's role in it are clear in the complaint as drafted. In short, the complaint alleges that defendants devised a scheme whereby securities in an ailing software company would be sold to the public before the buyers could learn of the company's ailments. Paragraphs 5–18 detail the roles of the defendants. Paragraphs 31–37 and 39–40 allege how the defendants perpetrated the scheme on the public, withholding revelation of the company's declining condition until six months after the public offering. Taken as a whole, the complaint sets forth the time, place and manner of the alleged fraud in the paragraphs mentioned above.

Defendants Becker/Paribas-Merrill Lynch and Ernst & Whinney challenge the allegations against them because other courts have stated that merely performing one's routine duties in assisting a public offering will not amount to liability under the securities. *E.g. Klein v. Computer Devices,* 602 F.Supp. 837 (S.D.N.Y.1985). This is a fact question. As the allegations are phrased, if proved, under plaintiffs' there could be liability for violations for these defendants, depending upon their level of knowledge and intent during the various activities surrounding the offering and subsequent period.

Similarly, the allegations of secondary liability for this Section, while somewhat abrupt, survive the challenge to sufficiency. Plaintiffs appear to be pleading in the alternative, describing in another way the concerted activities of the various defendants. For the foregoing reasons, Count III of the Complaint is not dismissed.

Because the Complaint has not been dismissed, the Defendants are required to Answer the Complaint within 20 days. The Court is also cognizant of the Plaintiff's Motion for Class Certification, and ORDERS the following briefing schedule:

Defendants' Oppositions, if any, are to be filed on or before October 21, 1985, at 4:00 p.m.

Plaintiffs' Reply, if any, is to be filed on or before Oct. 29, 1985, at 4:00 p.m.

The hearing on the Motion for Class Certification is CONTINUED to Monday, November 25, 1985, at 10:00 a.m. in Courtroom "O".